1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

EDWARD FULLER,

                Petitioner,

       v.

STATE OF CALIFORNIA, *et al.*,

              Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. CV 12-0272 MMM (JCG)

**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY**

17
18
19
20
21
22
23
24
25
26
27
28

      Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the Magistrate Judge's Report and Recommendation, Petitioner's Objections to the Report and Recommendation, and the remaining record, and has made a *de novo* determination.

      Petitioner's Objections generally lack merit for the reasons set forth in the Report and Recommendation.  There is one issue, however, that warrants brief amplification here.

      Petitioner contends that he should be excused for filing an untimely federal Petition because his trial counsel failed to appeal his conviction.  (*See* Obj. at 1-4.) Petitioner contends that he instructed his counsel to file a notice of appeal at his sentencing hearing.  (*Id.* at 1.)  However, because his counsel "had been placed on maternity leave," she was unable to file a notice of appeal.  (*Id.* at 1-2.)  Petitioner

1

asserts that his trial counsel notified him in September 2009 that she had been unable to file a notice of appeal.  (*Id.*)

Initially, the Court notes that an attorney's "negligence in general do[es] not constitute [an] extraordinary circumstance[] sufficient to warrant equitable tolling." *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001).  Instead, an attorney's conduct must have been sufficiently "wrongful" or "egregious" in order to justify equitable tolling.  *See Shannon v. Newland*, 410 F.3d 1083, 1090 (9th Cir. 2005).

Even assuming that counsel's conduct was sufficiently egregious, Petitioner has failed to demonstrate that he exercised diligence in pursuing habeas relief, or that his failure to file a timely federal petition was attributable to his counsel's conduct, and not his own.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."); *see also Bryant v. Schriro*, 499 F.3d 1056, 1061 (9th Cir. 2007) ("The prisoner must show that the extraordinary circumstances were the *cause* of his untimeliness.") (emphasis added) (internal quotation marks and citation omitted).

Here, although Petitioner learned of his counsel's alleged failure in September 2009, he waited until December 15, 2010 (*over 14 months*) to file his first habeas petition in the California Court of Appeal.[1]  (Obj. at 1-2; R&R at 2.) After that petition was denied, Petitioner waited *another three months* to file a habeas petition in the California Supreme Court, which was also denied.  (R&R at 2.)  Petitioner then waited *three more months* to file his federal Petition.  (*Id.* at 1-2.)  Petitioner's objections provide no indication that these periods of delay were caused in any way by counsel's failure to file a notice of appeal.  In light of these self-inflicted delays, the Court cannot find that Petitioner exercised the requisite

---

[1] AEDPA's one-year limitation period expired on June 29, 2010.  (R&R at 4.)

diligence, or that "extraordinary circumstances beyond [Petitioner's] control ma[de] it *impossible* to file [the] [P]etition on time." *See Stillman v. LaMarque*, 319 F.3d 1199, 1202 (9th Cir. 2003) (emphasis added) (internal quotation marks and citation omitted).

Accordingly, IT IS ORDERED THAT:

1.      The Report and Recommendation is approved and accepted;

2.      Judgment be entered denying the Petition and dismissing this action with prejudice; and

3.      The Clerk serve copies of this Order on the parties.

Additionally, for the reasons stated in the Report and Recommendation, the Court finds that Petitioner has not shown that "jurists of reason would find it debatable whether":  (1) "the petition states a valid claim of the denial of a constitutional right"; and (2) "the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Thus, the Court declines to issue a certificate of appealability.

DATED: April 30, 2012

_____
HON. MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE

3